IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| David Valencia, ) | |
| ) | |
| Plaintiff, ) | Case No. 6:13-cv-634-MGL-JDA |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| John Doe Officers, et al. ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Defendants' motion for summary judgment [Doc. 39.] Plaintiff filed this action on March 12, 2013, alleging excessive force, false imprisonment, cruel and unusual punishment and violations of due process pursuant to 42 U.S.C. § 1983. [Doc. 1.] Plaintiff seeks $5 million in damages for each violation. [*Id.* at 5.] Defendants filed their motion for summary judgment on September 3, 2013 [Doc. 39], and Plaintiff responded on November 5, 2013 [Doc. 47.] Upon review of the Motion, the Court *sua sponte* raised whether *Younger* abstention was appropriate in this case, and ordered Defendants to brief the issue. [Doc. 52.] Defendants responded to the Court's Order on June 11, 2014, and June 13, 2014. [Docs. 54, 55.] Plaintiff was given the opportunity to respond but has not done so, and the time for filing his response has passed. [*See* Doc. 52.]

## BACKGROUND

Plaintiff is currently being held in the Greenville County Detention Center. [Doc. 1 at 2.] On December 10, 2012, Plaintiff alleges that he ran from some "associates" who wished to kill him. [*Id.* at 2–3.] The police became involved and found Plaintiff at the

Garden Spot Convenience Store in Greenville, South Carolina, where Plaintiff was "armed with a knife at all times for his protection only." [*Id.* at 4.] Plaintiff remained inside the store with the store clerk while police were outside. [*Id.*]

Police responded to what they considered to be an armed robbery at the Garden Spot. [Doc. 39-2 at 4.] The police determined that Plaintiff had barricaded himself into the store and taken the clerk hostage. [*Id.*] Plaintiff was shot during the altercation with police as they attempted to rescue the alleged hostage. [*Id.*]  Plaintiff was charged in Greenville County General Sessions Court of kidnapping, possession of a deadly weapon during a violent crime, and attempted murder. [Doc. 39-3.] Plaintiff's criminal charges remain pending. [Docs. 39-3, 55-2]; *see also* www.greenvillecounty.org/scjd/publicindex (last visited July 1, 2014, to confirm that Plaintiff's case remains pending).

## APPLICABLE LAW

**Liberal Construction of Pro Se Complaint**

Plaintiffs brought this action pro se, which requires the Court to liberally construe their pleadings. *Estelle*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, a pro se complaint is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means that only if the court can reasonably read the pleadings to state a valid claim on which the complainant could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct

the complainant's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Cause of Action Under § 1983**

This action is filed pursuant to 42 U.S.C. § 1983, which provides a private cause of action for constitutional violations by persons acting under color of state law.  Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).  Accordingly, a civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

Section 1983 provides, in relevant part,

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or any person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."

42 U.S.C. § 1983.  To establish a claim under § 1983, a plaintiff must prove two elements: (1) that the defendant "deprived [the plaintiff] of a right secured by the Constitution and laws of the United States;" and (2) that the defendant "deprived [the plaintiff] of this constitutional right under color of [State] statute, ordinance, regulation, custom, or usage." *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (third alteration in original) (citation and internal quotation marks omitted).

The under-color-of-state-law element, which is equivalent to the "state action" requirement under the Fourteenth Amendment,

> reflects judicial recognition of the fact that most rights secured by the Constitution are protected only against infringement by governments. This fundamental limitation on the scope of constitutional guarantees preserves an area of individual freedom by limiting the reach of federal law and avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.

*Id.* (quoting *Dowe v. Total Action Against Poverty in Roanoke Valley,* 145 F.3d 653, 658 (4th Cir. 1998)) (internal citations and quotation marks omitted). Nevertheless, "the deed of an ostensibly private organization or individual" may at times be treated "as if a State has caused it to be performed." *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Id.* (quoting *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). State action requires both an alleged constitutional deprivation "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State . . . or by a person for whom the State is responsible" and that "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). A determination of whether a private party's allegedly unconstitutional conduct is fairly attributable to the State requires the court to "begin[ ] by identifying 'the specific conduct of which the plaintiff complains.'" *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 51 (1999) (quoting *Blum* v. *Yaretsky*, 457 U.S. 991, 1004 (1982)).

## **DISCUSSION**

### *Younger* **Abstention**

Absent extraordinary circumstances, a federal court must abstain from exercising federal jurisdiction when to do so would interfere with a pending state criminal proceeding. *Younger v. Harris*, 401 U.S. 37, 44 (1971) (holding that a federal court must abstain from enjoining a state criminal proceeding); *see also Samuels v. Mackell*, 401 U.S. 66 (1971) (holding that federal courts may not provide a plaintiff with declaratory relief when he is subject to a pending state court criminal prosecution). *Younger* demands abstention "where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989). It is widely accepted that a defendant in a state criminal trial has an adequate remedy outside of federal proceedings because he can litigate constitutional claims in defense of the state prosecution. *See Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006). Exceptions to *Younger* abstention apply only where there is a showing that (1) "bad faith or harassment by state officials responsible for the prosecution; (2) the state laws to be applied in the criminal proceeding are flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Id.* (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)) (internal quotations omitted).

The Supreme Court has not addressed whether *Younger* abstention applies to § 1983 claims for damages, *see Deakins v. Monaghan*, 484 U.S. 193, 202 (1988) ("We need not decide the extent to which the *Younger* doctrine applies to a federal actions seeking

5

only monetary relief."), and the Ninth Circuit has recognized that the applicability of *Younger* to damages actions remains "unclear," *Martinez v. Newport Beach City*, 125 F.3d 777, 781 (9th Cir. 1997), *overruled on other grounds by Green v. City of Tucson*, 255 F.3d 1086 (9th Cir. 2001); *see also Hirsh v. Justices of the Supreme Court*, 67 F.3d 708, 715 n.5 (9th Cir. 1995) (same). In *Deakins*, the Supreme Court held that, because the state proceedings could not have awarded damages, the district court erred in dismissing the federal court plaintiffs' claim for monetary relief; however, the Court explained that the federal court should have stayed, not dismissed, the federal litigation. 484 U.S. at 202, 204.

Lower courts also hold that *Younger* requires courts to stay—rather than abstain and dismiss—suits for monetary relief where the same issues are pending before a state court. *See Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075–76 (6th Cir. 1998); *Simpson v. Rowan*, 73 F.3d 134, 138–39 (7th Cir. 1995); *Williams v. Hepting*, 844 F.2d 138, 144 (3d Cir. 1988); *see also Dowden v. City of Sacramento*, 40 F. Supp. 2d 1146, 1151 (E.D. Cal. 1999) (stating that "[i]f the requirements for *Younger* abstention are met, . . . the prevailing approach is to stay the § 1983 action for damages pending resolution of the state proceeding."). Staying the federal action "protect[s] against the possibility that [the plaintiff] could be deprived of the opportunity to present the merits of her damages claim in state court." *Carroll*, 139 F.3d at 1075–76. Further, a stay ensures that a plaintiff who is unable to pursue damages in the parallel state proceedings can return to federal court and reassert her claim for damages without being time-barred. *See id.* at 1076 (observing that "a stay will protect [the plaintiff's] claims from the statute of limitations").

Moreover, staying rather than dismissing the action is consistent with the Supreme Court's decision in *Quackenbush v. Allstate Ins. Co.*, which held that "abstention principles [apply] to actions 'at law' only to permit a federal court to enter a stay order that postpones adjudication of the dispute, not to dismiss the federal suit altogether." 517 U.S. 706, 719 (1996).

In *Suggs v. Brannon*, the Fourth Circuit also held that "*Younger* does not invariably require dismissal of § 1983 damage actions" where the federal court is asked to determine issues pending before a state court; however, a stay is appropriate in such situations. 804 F.2d 274, 279–280 (4th Cir. 1986). In *Suggs*, the plaintiffs were employees of adult bookstores who were the subjects of multiple state prosecutions for possession with intent to distribute obscenity. *Id.* at 276–77. While their state criminal charges were pending, the plaintiffs brought civil rights actions against the police officers who investigated and arrested plaintiffs, seeking injunctive relief and damages under § 1983. *See id.* at 277–78. The plaintiffs alleged that the police officers engaged in illegal searches and seizures and a concerted campaign of threats, harassment, and bad faith enforcement of North Carolina obscenity laws, thereby denying plaintiffs due process of law in violation of their Fourteenth Amendment rights. *Id.* Chief Judge Hiram Ward dismissed the complaint pursuant to the *Younger* abstention doctrine. *Id.* at 278. The Fourth Circuit upheld Judge Ward's dismissal of the claim for injunctive relief but held that the claim for damages should have been stayed rather than dismissed. *Id.* at 279–80. The Court explained its ruling as follows:

> *Younger* abstention presupposes that the federal plaintiff will have an adequate opportunity to raise

constitutional claims during the ongoing state proceeding. *See Craig v. Barney*, 678 F.2d 1200, 1201–02 (4th Cir. 1982). A state criminal proceeding, however, ordinarily would not address issues such as appellants' claim that they were held under excessive bond and unconstitutional bail conditions, for pretrial detention issues cannot be raised in defense of a criminal prosecution. *See Gerstein v. Pugh*, 420 U.S. 103, 108 n. 9 (1975). If the state criminal court rules that the search and seizure was unlawful, Smith could not recover damages in those proceedings. Deferring the appellants' right to institute an action for damages until the conclusion of the criminal cases might cause their claims to be barred by a statute of limitations. Thus, in order to afford plaintiffs a day in court, they should be allowed to maintain their actions for damages. *See Hanpar v. Atkinson*, 496 F.Supp. 112, 115 (E.D.Va. 1980).

The appellees argue that the exercise of federal jurisdiction would result in simultaneous litigation of the same issues in which the district court's ruling might embarrass and interfere with the state proceedings. This need not be the case. In *Giulini v. Blessing*, 654 F.2d [189,] 193 [(2d Cir.1981)], the court, deciding that a § 1983 damage claim is not barred by *Younger*, noted that "a federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views." The court then ordered that the damage claims be held in abeyance until the state court had adjudicated the relevant constitutional issues.

The district court did not address the merits of the damage claim, nor do we. A stay is appropriate. If the criminal trials provide the parties with a full and fair opportunity to litigate their constitutional claims, they may then possibly assert the state court judgment to preclude either claim or defense as the case may be. But this is not the appropriate proceeding for resolving this issue. *See generally* 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4471 (1981 & 1986 Supp.).

*Id.*

Here, Plaintiff is asking the federal court to make determinations identical to the determinations that must also be made by the state court–namely, whether Plaintiff is guilty as charged of kidnapping and armed robbery or whether he was an innocent party who was shot by police in a false arrest. As such, proceeding in this case would result in simultaneous litigation of the same issues such that this Court's ruling might interfere with the state proceedings. Further, a determination by the state court that Plaintiff's arrest was legal would be binding on this Court and would preclude Plaintiffs from asserting the arrest was illegal in a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477(1994) (holding that a state prisoner cannot base a § 1983 action on a ground that would "necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement"). Moreover, none of the exceptions outlined in *Nivens*, 444 F.3d at 241 are applicable to this case. For these reasons, the Court should exercise its discretion and stay proceedings in this action, in which Plaintiff seeks monetary damages, pending "ultimate termination of the state prosecution, including any relevant state collateral review proceedings, whether by adjudication on the merits or by a decision of the state at any point to abandon or forego the prosecution." *See Traverso*, 874 F.2d at 214. Defendants have filed a pleading confirming their agreement with this conclusion. [Docs. 54, 55.]

## CONCLUSION

Wherefore, based upon the foregoing, the Court RECOMMENDS that the case be STAYED pending a decision by the state court regarding Plaintiffs' pending criminal charges; and Defendants' motion for summary judgment be denied with leave to refile once the stay is lifted.

IT IS SO RECOMMENDED.

<u>s/Jacquelyn D. Austin</u><br>
United States Magistrate Judge

July 1, 2014
Greenville, South Carolina