UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| David Valencia, | ) | Civil Action No. 6:13-634-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| John Doe Officers, et al., | ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff David Valencia, ("Plaintiff"), proceeding *pro se*, brought this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for pre-trial handling and a Report and Recommendation ("Report"). On September 3,, 2013, Defendants filed a motion for summary judgment. (ECF No. 39.) Since Plaintiff is *pro se* in this matter, the Court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) on September 4, 2013 advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. (ECF No. 40.) Plaintiff filed his opposition on November 5, 2013. (ECF No 47.) On June 3, 2014, the Magistrate Judge *sua sponte* raised whether the Younger abstention doctrine was applicable to this matter. (ECF No. 52.) The Magistrate ordered Defendants to file a brief addressing this issue by June 11, 2014. Defendants responded and confirmed that the Younger abstention doctrine was applicable to this matter. (ECF Nos. 54 & 55.) On July 1, 2014, Magistrate Judge Austin issued a Report recommending that this matter be STAYED pending a decision by the state court on Plaintiff's pending criminal charges. (ECF No 56 at 9.) The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if he failed to do so. (ECF No. 56-1.)

-2-

Plaintiff filed no objections and the time for doing so has expired.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a careful review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated herein by reference. Therefore, it is ORDERED that this matter is STAYED pending a decision by the state court on Plaintiff's pending criminal charges and that Defendants' motion for summary judgment is DENIED with leave to refile once the stay is lifted. Further, the parties are directed to submit quarterly status reports to apprise the Court of the ongoing state criminal proceedings.

IT IS SO ORDERED.

                                                  s/Mary G. Lewis
                                                  United States District Judge

July 23, 2014
Spartanburg, South Carolina